USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gogo Apparel, Inc.,

                         Plaintiff,

       -against-

Daruk Imports, Inc. et al.,

                         Defendants.

1:19-cv-05701 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Having reviewed Plaintiff's submissions in support of its motion for default judgment, the Court finds that, although Plaintiff purports to seek a default judgment against both Defendants, *i.e.*, Daruk Imports, Inc. ("Daruk Imports") and Vinod Kumar Chawla ("Chawla"), Plaintiff has not set forth a sufficient basis for its motion against Defendant Chawla. Plaintiff's motion is brought pursuant to Federal Rule of Civil Procedure 55(a). (*See* Nagampalli Aff., ECF No. 50, ¶ 2.) Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, because Defendant Daruk Imports cannot proceed *pro se*, its "failure to obtain counsel is a failure to 'otherwise defend' under Rule 55(a)." *McFarlane v. Harry's Nurses Registry*, No. 17-CV-06350 (PKC) (PK), 2020 WL 1643781, at *15 (E.D.N.Y. Apr. 2, 2020). Thus, the Clerk of Court appropriately entered a Certificate of Default against Daruk Imports only. (Cert. of Default, ECF No. 43.) Significantly, however, Defendant Chawla has not yet been found to be in default.

      Plaintiff's motion with respect to Defendant Chawla appears to be based on his failure to respond to Plaintiff's motion to compel and to appear for a telephone conference with the Court.

(*See* Nagampalli Aff. ¶¶ 16, 23.) In the circumstances, Plaintiff's motion against Defendant Chawla is properly construed as a motion pursuant to Federal Rule of Civil Procedure 37(b), which states, in relevant part, that if a party "fails to obey an order to provide . . . discovery," the court may "render[ ] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).

Accordingly, IT IS HEREBY ORDERED that, if Plaintiff intends to pursue a default judgment against Defendant Chawla, Plaintiff shall file supplemental briefing no later than May 26, 2020, addressing whether the appropriate legal standard has been met for entry of a default judgment against Defendant Chawla. *See, e.g., Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 34 (S.D.N.Y. 2019) ("In exercising discretion [in determining whether to enter a default judgment] under Rule 37, courts consider the following factors: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of noncompliance.") (citing *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012)).

A copy of this Order will be emailed to Defendant Chawla by Chambers.

**SO ORDERED.**

DATED:   New York, New York
            May 19, 2020

                                         _____
                                         STEWART D. AARON
                                         United States Magistrate Judge